IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00555-KDB

| | |
|---|---|
| JON P. COGGIN,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner,<br>Social Security Administration,[1]<br><br>Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Jon P. Coggin's Motion for Summary Judgment (Doc. No. 11) and Defendant's Motion for Summary Judgment (Doc. No. 14), as well as the parties' briefs and exhibits. Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on his application for a period of disability and disability insurance benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

is **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

## I. BACKGROUND

Coggin filed a Title II application for a period of disability and disability insurance benefits on September 4, 2014, alleging disability beginning February 28, 2014. His claim was denied at the initial level on December 17, 2014 and upon reconsideration on April 29, 2015. (Tr. 205, 212). On May 8, 2017, he had a hearing before ALJ Mary Ryerse (the "ALJ") who denied the application in a decision on August 29, 2017. (Tr. 12-27). Coggin then filed for a review of the ALJ's decision with the Appeals Council, which denied review on August 13, 2018. (Tr. 1). The ALJ's decision stands as the final decision of the Commissioner, and Coggin has now requested judicial review in this Court pursuant to 42 U.S.C. § 405(g).

For the reasons stated below, the Court affirms the decision of the Commissioner.

## II. THE COMMISSIONER'S DECISION

The ALJ used the required five-step sequential evaluation process established by the Social Security Administration to determine if Coggin had a "disability" under the law during the relevant period.[2] The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets

---

[2] For the purposes of title II of the Act, "disability" means "the inability to do any substantial gainful activity [SGA] by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

2

the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

*Radford v. Colvin*, 734 F.3d 288, 290-91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof in the first four steps. *Pearson v. Colvin,* 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. *See id.*; *see also* 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

The ALJ found at step one of the sequential evaluation that Plaintiff had not engaged in SGA during the period from his alleged onset date of February 28, 2014 through the date of his decision.[3] (Tr. 17). At step two, the ALJ determined that Plaintiff had severe, medically determinable impairments, specifically, "degenerative disc disease of the cervical and lumbar spine with right sided sciatica; left shoulder impingement/degenerative joint disease status post arthroscopy; status-post right shoulder arthroscopy; neuritis in feet, status post open reduction internal fixation (ORIF) of right ankle fracture with right ankle instability; obesity; REM sleep behavior disorder; obstructive sleep apnea; and bipolar disorder …." (Tr.17).

The ALJ then found at step three that Plaintiff did not have any impairment or combination of impairments that met or medically equaled the severity of one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (Tr. 18-20). After step three, the ALJ determined Coggin's residual functional capacity ("RFC") and discussed at length why he came

---

[3] Plaintiff remained insured through September 30, 2019 and thus met the insured status requirements of the Social Security Act through that date.

to that conclusion. (Tr. 20-25). The ALJ found that Coggin had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant requires a cane for ambulation. He can frequently push and pull with bilateral upper extremities and bilateral lower extremities, and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders, ropes, or scaffolds and is limited to frequently reaching in front, laterally, and overhead, bilaterally. The claimant is also limited to performing simple, routine tasks and is limited to maintaining concentration, persistence and pace for two-hour periods during the workday. The claimant may only have occasional and casual contact with the public and coworkers and is limited to work where there are infrequent changes to the work routine.

(Tr. 20).

The ALJ then found at step four that Coggin is unable to perform his past relevant work as an electronic technician, a microcomputer support specialist, a user support analyst, a technical support specialist and a security guard. (Tr. 25). Finally, at step five, the ALJ found that Plaintiff — given his age, high school education, work experience and RFC — could perform jobs that existed in significant numbers in the national economy, such as an "addresser;" "inspector, touch up screener" and "egg processor." (Tr. 26-27). Accordingly, the ALJ concluded that Coggin "has not been under a disability, as defined in the Social Security Act, at any time from February 28, 2014, the alleged onset date, through [August 29, 2017, the date of the ALJ's decision]." (Tr. 27).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

4

Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Coggin raises two arguments in requesting that this Court remand his claim for further consideration. First, he alleges that the ALJ erred in failing to give substantial weight to his Department of Veterans Affairs' disability ratings. Second, he claims that at Step 5 there was a

5

conflict between the DOT and the vocational witness testimony and the ALJ erred in failing to identify or resolve the alleged conflict.

### A. The ALJ's Consideration of Coggin's VA Disability Rating

Plaintiff claims that the ALJ improperly determined that the Department of Veterans' Affairs ("VA") finding that Coggin has a 70% disability rating for type II bipolar disorder and 10% disability rating for his right ankle fracture and right ankle scars is not entitled to "substantial weight." *See Bird v. Commissioner of Social Security*, 699 F. 3d 337 (4th Cir. 2012). Although she ultimately gave these disability ratings "little weight," the ALJ specifically considered the VA's disability findings in her decision, writing:

> I also considered the Department of Veterans Affairs (VA) Rating Decision, dated April 23, 2014, in which the claimant is assigned a 70 percent disability rating for type II bipolar disorder (Exhibit 7D). In addition, the claimant has disability ratings of 10 percent rating for the right ankle fracture and a 10 percent rating for right ankle scars (Exhibit l SE/31). Little weight is given to these opinions. The VA and the Social Security Administration use different standards to determine disability. As discussed above, I considered the underlying medical evidence and opinions from the claimant's VA medical records. In addition, I note that the claimant was not rated 100 percent disabled, which would only be warranted if the evidence showed total occupational and social impairment (Exhibit 7D/2). The symptoms supported by the totality of the evidence are accommodated in the claimant's residual functional capacity and do not reflect an inability to perform any work.

Under *Bird*, the ALJ should give substantial weight to a VA disability rating unless the ALJ finds that "the record before the ALJ clearly demonstrates that [giving less weight] is appropriate." *Bird*, 699 F.3d at 343; *see also*, *Green v. Berryhill*, No. TMD 15-3467, 2017 WL 1048155 at *9 (D. Md., March 20, 2017) ("Accordingly, the ALJ adequately explained his decisions for assigning the VA disability ratings little weight, and there is no violation of *Bird*."). The ALJ's statement that "[t]he VA and the Social Security Administration use different standards to determine disability" is not a meaningful basis on which to give the VA disability rating less weight in light of

*Bird*'s holding that VA disability ratings should presumptively be given substantial weight. However, the ALJ expressly considered the available medical evidence and opinions from the VA in determining Plaintiff's RFC and the weight to give the VA ratings. Indeed, notwithstanding the ALJ's statement that she gave the VA disability rating "little weight," the ALJ's RFC determination that he can do sedentary work with the stated limitations is fully consistent with the VA's apparent conclusion that the Plaintiff is not totally disabled (as reflected in his partial disability ratings).

Accordingly, the Court finds that the ALJ complied with *Bird* and other relevant authority[4] and should not be reversed or remanded on the ground that the ALJ did not properly consider Coggin's VA disability rating.

### B. The Alleged Conflict Between the DOT and the Vocational Witness Testimony

Coggin argues in his second assignment of error that the ALJ failed to identify and resolve alleged conflicts between the vocational witness ("VE") testimony and the DOT. Both the ALJ's RFC and hypothetical questions to the VE limited claimant to "performing simple, routine tasks." (Tr. 20, 26). The VE testified that Coggin could perform three jobs that existed in significant numbers in the national economy: "addresser," "inspector, touch up screener," and "egg processor." (Tr. 26-27). According to the DOT, all three jobs require Level 2 reasoning, which, among other things, entails "carry[ing] out detailed but uninvolved written or oral instructions." Plaintiff asserts that the Level 2 reasoning required for those jobs creates a conflict with the RFC limitation that he can only perform "simple, routine tasks" and that the decision should be remanded so that the ALJ can resolve the alleged conflict.

---

[4] Also, as a matter of regulatory law, VA disability determinations are not binding upon the Social Security Administration. *See* 20 C.F.R. §§404.1504, 416.904 ("a determination made by another agency that you are disabled . . . is not binding on [the Social Security Administration]").

Although Plaintiff is correct that an ALJ has a duty to identify and resolve any apparent conflicts between the DOT and a VE's testimony, *see Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019) (citing SSR 00-4P, 2000 WL 1898704 at *2 (Dec. 4, 2000)), another recent Fourth Circuit opinion directly holds that there is no conflict between a limitation that a claimant can perform "simple, routine tasks" and DOT jobs requiring Level 2 reasoning. *See Lawrence v. Saul*, 941 F.3d 140 (4th Cir. 2019). In *Lawrence*, the court explained:

> …. [T]he administrative law judge found that Lawrence could perform jobs limited to "simple, routine repetitive tasks of unskilled work." There is no … inconsistency between Lawrence's residual functional capacity (as determined by the administrative law judge) and Level 2's notions of "detailed but uninvolved ... instructions" and tasks with "a few [ ] variables." DOT, App. C, 1991 WL 688702.
>
> To begin with, detailed instructions are, in the main, less correlated with complexity than with length. Instructions often include many steps, each of which is straightforward. Driving directions are a good example: they may prescribe many turns, but the turns are generally easy to make, and the route rarely changes, making the directions simple, routine, and repetitive. Further, there is no conflict between "simple" and "uninvolved" instructions, as both connote instructions that "are not complicated or intricate." *Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) (citing *Webster's Third New Int'l Dictionary* 1191, 2499 (2002)). Finally, "routine" and "repetitive" tasks may involve a few variables, just as driving directions may vary if a road is closed.

Coggin's RFC limited him to performing "simple, routine tasks," which, under *Lawrence*, is not in conflict with jobs requiring Level 2 reasoning. Therefore, there was no conflict between the DOT and the VE testimony, and Plaintiff is not entitled to remand the ALJ's decision on that ground.

## IV. CONCLUSION

The decision of the ALJ, therefore, is hereby **AFFIRMED,** Plaintiff's Motion for Summary Judgment is **DENIED,** and Defendant's Motion for Summary Judgment is **GRANTED**.

**SO ORDERED.**

Signed: December 20, 2019

Kenneth D. Bell
United States District Judge